Citation Nr: 1220792 
Decision Date: 06/14/12 Archive Date: 06/22/12

DOCKET NO. 09-09 546 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Buffalo, New York


THE ISSUES

1. Entitlement to service connection for a clotting disorder, diagnosed as deep vein thromboses, to include as secondary to (or aggravated by) prostate cancer and/or as due to exposure to herbicides.

2. Entitlement to a total disability rating based on individual unemployability due to service-connected disability (TDIU).


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

Jebby Rasputnis, Associate Counsel


INTRODUCTION

The Veteran served on active duty from July 1969 to April 1971. He served in the Republic of Vietnam from May 1970 to April 1971.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a July 2008 decision of the Regional Office (RO) in Buffalo, New York. The RO denied the Veteran's claims.

A review of the Virtual VA paperless claims processing system does not reveal any additional documents pertinent to the present appeal.

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC, to ensure compliance with applicable law. VA will notify the Veteran if further action is required on his part.


REMAND

The claims file reflects that private medical evidence remains outstanding and multiple medical opinions are warranted. The matter must be remanded to the RO/AMC for further development in accordance with VA's duty to assist. 

The Veteran has identified a Dr. Carlin, Vascular Surgeons of Central New York, as his cardiovascular surgeon. In April 2008, he informed a VA examiner that he sees Dr. Carlin at least biannually. He also submitted an April 2008 statement that he received an August 21, 2007 ultrasound from Dr. Carlin for the purpose of identifying any remaining clots. Although some records from Dr. Carlin appear in the claims file, those records are dated July 29, 2007 to August 3, 2007. Further, records from Hematology-Oncology Associates of Central New York also appear incomplete. The last record within the claims file from this health care provider is dated September 4, 2007 and states that an additional blood test and analysis was pending. Although an addendum to the April 2008 VA examination report reflects that specific test result was faxed to the examiner, the result is not otherwise reflected in the claims file. The RO must provide the Veteran with authorization forms allowing for the release of all pertinent private treatment records - to specifically include any additional pertinent records from Dr. Carlin and any records generated after September 4, 2007 from Hematology-Oncology Associates of Central New York. 

The April 2008 examination resulted in an opinion that the Veteran's deep vein thromboses were not caused by his service-connected prostate cancer. However, the examiner did not address the Veteran's other contentions - that he experienced a clotting disorder as the direct result of in-service exposure to herbicides (see April 2008 Veteran statement) or that any clotting disorder was aggravated by his service-connected prostate cancer (see May 2012 brief). See Robinson v. Peake, 21 Vet.App. 545, 552 (2008) (Board required to consider all issues raised either by the claimant or reasonably by the evidence of record), aff'd sub nom. Robinson v. Shinseki, 557 F.3d 1355 (Fed. Cir. 2009). The 2008 examiner also did not discuss the results of a September 2007 VA examination, which included an opinion that the lower extremity thromboses were "at least as likely as not due to the prostate cancer." The resulting 2008 examination report is therefore inadequate and must be returned. See 38 C.F.R. § 4.2.

The Veteran has claimed entitlement to TDIU. In order to establish service connection for a total rating based upon individual unemployability due to service-connected disability (TDIU), there must be an impairment so severe that it is impossible to follow a substantially gainful occupation. See 38 U.S.C.A. § 1155 ; 38 C.F.R. §§ 3.340 , 3.341, 4.16. In reaching such a determination, the central inquiry is "whether the Veteran's service connected disabilities alone are of sufficient severity to produce unemployability." Hatlestad v. Brown, 5 Vet. App. 524, 529 (1993). 

As the record requires additional development prior to the issuance of a decision on his claim for service connection for a clotting disorder, the Board cannot render a decision on the claim of entitlement to TDIU and must also remand that issue. See Harris v. Derwinski, 1 Vet.App. 180, 183 (1991) (two issues are "inextricably intertwined" when they are so closely tied together that a final Board decision cannot be rendered unless both issues have been considered). Further, although the Veteran is (presently) service-connected only for prostate cancer and that disability has been the subject of two (2) VA examinations (February 2006 and September 2007), no examiner has opined as to the effect of that disability on his employment and employability. As the Veteran contends that his service-connected disability renders him unable to obtain any employment more than marginal and he has submitted some supportive medical evidence, the Board finds that another examination is warranted. 38 C.F.R. § 3.327(a).

Accordingly, the case is REMANDED to the RO/AMC for the following action:

1. Gather any outstanding records of VA medical treatment.

2. Provide the Veteran with the necessary authorizations for the release of any private treatment records not currently on file. If any of the requested private records are unavailable, inform the Veteran and afford him an opportunity to submit any copies in his possession. The records requested must specifically include, but are not limited to, records from: 

a. Dr. Carlin, Vascular Surgeons of Central New York (particularly the report of an August 21, 2007 ultrasound and any other records identified as pertinent by the Veteran); and

b. Hematology-Oncology Associates of Central New York Beaufort Memorial Hospital (after September 4, 2007).

3. Subsequent to the above development, return the Veteran's claims folder to the April 2008 VA examiner for a clarifying medical opinion pursuant to 38 C.F.R. § 4.2. If that examiner is not available, provide the claims file to another physician similarly qualified to render the requested opinions. The entire claims folder and a copy of this remand must be made available to the examiner and the examination report must reflect review of pertinent material in the claims folders (to include, but not limited to, any treatment records added to the claims file as a result of this remand).

a. The examiner must review any evidence added to the claims file after the April 2008 examination and indicate whether or not such evidence has any effect on the prior medical opinion;

b. The examiner must provide an opinion as to whether or not it is likely that the Veteran experiences any clotting disability as the direct result of his presumed in-service exposure to Agent Orange;

c. The examiner must provide an opinion as to whether or not it is likely that the Veteran's service-connected prostate cancer aggravated any clotting disability;

d. The examiner must discuss the September 2007 VA examination results, reconciling the difference between that opinion and the 2008 opinion. 

e. The examiner must clearly outline the rationale for the requested opinions and discuss the medical principles involved. If the requested medical opinions cannot be given, the examiner must state the reason(s) why.

4. Adjudicate the Veteran's claim of entitlement to service connection for a clotting disability, as due to herbicide exposure and/or as secondary to, or aggravated by, prostate cancer. Note that the Board cannot render a decision as to TDIU until the claim for service connection is adjudicated.

5. Schedule the Veteran for a VA examination at an appropriate location to determine the effects of his service-connected prostate cancer (residuals) on his employability. The entire claims folder and a copy of this remand must be made available to the examiner and the examination report must reflect review of pertinent material in the claims folders. 

a. The examination report must reflect review of pertinent material in the claims folder. This material specifically includes, but is not limited to, the December 2008 opinion from a private orthopedist that the Veteran's prostate cancer residuals render him "unable to come anywhere close to maintaining the work schedule necessary to maintain his marina."

b. The examiner must comment on the current severity of the Veteran's prostate cancer residuals and the effect of that disability on his ability to secure or follow a substantially gainful occupation.

c. The examiner also must comment on the combined effect of the Veteran's prostate cancer residuals and any diagnosed clotting disorders on his ability to secure or follow a substantially gainful occupation.

d. In all conclusions, the examiner must identify and explain the medical basis or bases for the opinions, with identification of pertinent evidence and citations to any referenced medical treatises or research. If the examiner is unable to render an opinion without resort to speculation, he or she must explain why. 

6. After the above has been completed, review the claims file and ensure that all of the foregoing development actions have been conducted and completed in full. If any development is incomplete, appropriate corrective action is to be implemented. If any report does not include adequate responses to the specific opinions requested, it must be returned to the providing physician for corrective action.

7. Thereafter, consider all of the evidence of record and readjudicate the issues. If the benefits sought remain denied, the Veteran and his representative should be furnished a supplemental statement of the case (SSOC). The SSOC must contain notice of all relevant actions taken on the claim, to include a summary of the evidence and applicable law and regulations considered pertinent to the issues currently on appeal. An appropriate period of time should be allowed for response. Thereafter, if indicated, the case should be returned to the Board for appellate disposition.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

The Veteran is notified that it is his responsibility to report for any examinations and to cooperate in the development of the claim. The consequences for failure to report for a VA examination without good cause may include denial of the claim. 38 C.F.R. §§ 3.158, 3.655 (2010). If the Veteran does not report for any scheduled examination, documentation should be obtained which shows that notice scheduling the examination was sent to the last known address. It should also be indicated whether any sent notice was returned as undeliverable.

By this remand, the Board intimates no opinion as to the final disposition of any unresolved issue. The RO and the Veteran are advised that the Board is obligated by law to ensure that the RO complies with its directives, as well as those of the appellate courts. It has been held that compliance by the Board or the RO is neither optional nor discretionary. Where the remand orders of the Board or the Courts are not complied with, the Board errs as a matter of law when it fails to ensure compliance. Stegall v. West, 11 Vet.App. 268, 271 (1998).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2011).



_________________________________________________
DENNIS F. CHIAPPETTA, JR.
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2011).